GREENBERG TRAURIG, LLP
MATTHEW R. GERSHMAN (SBN 253031)
gershmanm@gtlaw.com
BENJAMIN S. KURTZ (SBN 280515)
kurtzb@gtlaw.com
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Telephone:  310-586-7700 / Facsimile:  310-586-7800
Attorneys for Plaintiff UL LLC

AXIS LEGAL COUNSEL
RABEH M. A. SOOFI (SBN 276015)
rsoofi@axislegalca.com
5670 Wilshire Blvd., 18th Floor
Los Angeles, CA 90036
Telephone: 213-403-0130 / Facsimile:  213-403-0132
Attorneys for Defendants Gangsong Group Corp. a/k/a Logistics Public Warehouse,
Flying Medical USA LLC, and Thomas Soon Chiah

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UL LLC, | Case No.: 2:17-cv-08166-DSF-Ex |
| Plaintiff, | [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER |
| v. | (DISCOVERY MATTER) |
| Gangsong Group Corp., a California corporation; Flying Medical USA LLC, a California company; Logistic Public Warehouse, a California company; Thomas Soon Chiah, an individual; Shenzhen Kebe Technology Co. Ltd., a foreign company; Jing Hua Zhou, an individual; Shenzhen Leidisi Electronics Technology Co., Ltd., a foreign company; TRC International Corp., a California corporation; Sum Fortune International Group, a California corporation; Defang USA, LLC, a California company; Sun Defang, an | |

[PROPOSED] STIPULATED PROTECTIVE ORDER

CHI68762674

individual; ManSeeManWant LLC, an
Illinois company; James Ellenberg, an
individual; and John Does 1-10,
individuals,

     Defendants.

[PROPOSED] STIPULATED PROTECTIVE ORDER

CHI68762674

1. PRELIMINARY STATEMENT

    A.  Purposes and Limitations

    Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to the Party with respect to the discovery of matters, including but not limited to the right to assert privileges or another party's right to contest such assertions.

    B.  Good Cause Statement

    This action is likely to involve proprietary, confidential, or private information for which special protection from public disclosure and from use for any other purpose other than prosecuting this litigation may be warranted.   Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, trade secrets, information regarding confidential business practices, or other confidential research, development, or commercial information, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of

3

CHI68762674

information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.   DEFINITIONS

2.1   Action:  This action—UL LLC v. Gangsong Group Corp. et al, Central District of California Case 2:17-cv-08166-DSF-E —and any actions that are consolidated with this action after entry of this order.

2.2   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3   "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4   Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5   Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "UNRELATED."

2.6   Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated

4

[PROPOSED] STIPULATED PROTECTIVE ORDER

in disclosures or responses to discovery in this matter.

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation.

2.8     House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "UNRELATED."

2.15    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.16    "UNRELATED MATERIAL": all items or information, information, files, records, emails, texts, banking records, financial transactions, or other data legitimately unrelated and/or not relevant to any party's claims or defenses or this action, regardless

5

CHI68762674

of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things).

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material;  (4) portions of deposition or other transcripts and exhibits thereto that contain, summarize, or reflect the content of any such Protected Material; (5) portions of briefs, memoranda, or any other writings filed with the Court and exhibits thereto that contain, summarize, or reflect the content of any such Protected Material; and (6) written discovery responses and answers that contain, summarize, or reflect the content of any such Protected Material.  This material shall be used only for the purposes of this Action and any related appellate proceeding, and not for any other business, competitive, personal, private, public, or other purpose whatsoever.  However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or that becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Protected Material at trial shall be governed by the orders of the trial judge or by separate agreement.  This Order does not govern the use of Protected Material at trial.

4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations

6

[PROPOSED] STIPULATED PROTECTIVE ORDER

imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent practicable, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2   Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection as "CONFIDENTIAL" Information or Items under this Order must be clearly so designated before the material is disclosed or produced.  Designations of Protected

7

[PROPOSED] STIPULATED PROTECTIVE ORDER

CHI68762674

Material made prior to the entry of the Court's approval of this Order shall be effective prospectively and made pursuant to such Order.

Designation as "CONFIDENTIAL" in conformity with this Order requires:

(a)   for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" to each page or portions of pages that contains confidential Protected Material.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains confidential Protected Material.

(b)   for testimony given in deposition, that the Designating Party identify all protected testimony on the record, before the close of the deposition.  If a designation is made, the CONFIDENTIAL portions and exhibits, if filed with the Court, shall be subject to the filing requirements set forth in Paragraph 12.3 below. If any depositions are videotaped or digitally recorded, those portions of the videotape or recording corresponding to portions of the deposition transcript designated as CONFIDENTIAL shall be afforded the same status.

(c)   for testimony given in other pretrial proceedings, that the Designating Party identify on the record, before the close of the hearing or other proceeding, all protected testimony.

(d)   for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior

8

[PROPOSED] STIPULATED PROTECTIVE ORDER

of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. The Designating Party shall provide substitute copies of the qualified information or items bearing the corrected designation. The Receiving Party shall return or certify the destruction of the undesignated Protected Material.

5.4    Manner of "UNRELATED" Designations and Access to "UNRELATED MATERIAL." During the course of the discovery in this matter, the parties may intentionally or inadvertently collect, gain access to, view, or otherwise receive "UNRELATED MATERIAL." The following procedures shall govern the handling of "UNRELATED MATERIAL":

(a)    "UNRELATED MATERIAL" may be comprised of all, some, or partial data, electronic/digital records, hard-copy paper records, native files, or portions thereof.

(b)    In designating "UNRELATED MATERIAL," the Designating Party shall provide sufficient descriptiveness as to the nature of the reasons or grounds on which the content is "UNRELATED MATERIAL," so as to permit the Receiving Party and Court to evaluate the propriety of such designation. In doing so, the Designating Party shall provide a log for all "UNRELATED MATERIAL" designations, with reference to the specific document(s) or electronic record(s) that is/are the subject of the designation.

(c)    Once material is designated "UNRELATED MATERIAL," whether originating from a disclosing party or a vendor/third party in possession thereof, said "UNRELATED MATERIAL" may nonetheless, in unredacted form, be produced to the

[PROPOSED] STIPULATED PROTECTIVE ORDER

CHI68762674

Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action, subject to and without waiving such designation or the protections afforded by such UNRELATED MATERIAL designation herein.  No such disclosures shall abrogate or cause the waiver of the protections afforded to "UNRELATED MATERIAL" provided by this Order.  Other than as specified herein, no content designated as "UNRELATED MATERIAL" may be cited, reproduced, made public, attached to a court filing, as an exhibit or otherwise, used in any type of evidentiary or other proceeding (including a deposition) or used for any purpose, nor may it be disclosed to, viewed by, reproduced to, shared with, or accessed by any person other the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action, without the Designating Party's agreement, withdrawal of the designation, or a Court determination that the "UNRELATED MATERIAL" designation as to such content is inappropriate.

(d)    Designations as "UNRELATED" and/or "CONFIDENTIAL" shall not be mutually exclusive, and may be made in the alternative.

(e)    In challenging "UNRELATED MATERIAL" designations, the parties shall follow the procedures in Section 6 below.

6.    CHALLENGING CONFIDENTIALITY/UNRELATED MATERIAL DESIGNATIONS

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality or "UNRELATED MATERIAL" at any time that is consistent with the Court's Scheduling Order.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Unless the Designating Party has waived or withdrawn the

[PROPOSED] STIPULATED PROTECTIVE ORDER

CHI68762674

designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

6.4 A party's consent and/or stipulation to material being designated as Confidential or Unrelated Material not prejudice that Party's right to object to such designation and/or shall not constitute an admission that such Material was properly designated.

7.   <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1   <u>Basic Principles</u>. A Receiving Party may use Confidential Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Confidential Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)   the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)   the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)   Experts (as defined in this Order) of the Receiving Party: (i) to whom disclosure is reasonably necessary for this Action; and (ii) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)   the court and its personnel;

11

[PROPOSED] STIPULATED PROTECTIVE ORDER

(e)     court reporters and their staff;

(f)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)     during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary, provided: (1) the deposing party requests that the witness sign the "Acknowledgment and Agreement to be Bound" form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign Exhibit A, unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

(j)     any named party in the Action who has signed the "Acknowledgment and Agreement to be Bound" (Exhibit A)

8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or

12

[PROPOSED] STIPULATED PROTECTIVE ORDER

order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE
      PRODUCED IN THIS LITIGATION

(a)    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

13

CHI68762674

(2)    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)    make the information requested available for inspection by the Non-Party, if requested.

(c)    If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be

14

[PROPOSED] STIPULATED PROTECTIVE ORDER

established in an e-discovery order adopted by the parties/the Court under Federal Rule of Evidence 502(d).

12.  <u>MISCELLANEOUS</u>

12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Protected Material. A Party that seeks to file under seal any Protected Material designated as "CONFIDENTIAL" must comply with Civil Local Rule 79-5. Such Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file such Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.  <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written confirmation to the Producing Party that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and

15

CHI68762674

trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.    VIOLATION

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED.

DATED:  November 29, 2017        Respectfully submitted,

                                GREENBERG TRAURIG, LLP


                          By:   /s/ Matthew R. Gershman
                                Attorneys for Plaintiff UL LLC

DATED:  November 29, 2017        Respectfully submitted,

                                AXIS LEGAL COUNSEL


                          By:   /s/ Rabeh M. A. Soofi
                                Attorneys for Defendants Gangsong Group Corp.
                                a/k/a Logistics Public Warehouse, Flying Medical
                                USA LLC, and Thomas Soon Chiah

       Pursuant to Local Civil Rule 5-4.3.4(a)(2)(i), I hereby attest that Rabeh M. A. Soofi, on whose behalf this filing is jointly submitted, has concurred in this filing's content and has authorized me to file this document.

                          By:   /s/  Matthew R. Gershman

[PROPOSED] STIPULATED PROTECTIVE ORDER

CHI68762674

1

2 IT IS SO ORDERED.

3

4

5 Dated: _Nov. 29, 2017_

Hon. Charles F. Eick
6                                  United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

CHI68762674

### EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, of _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of UL LLC v. Gangsong Group Corp. et al, Central District of California Case 2:17-cv-08166-DSF-E, I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ of _____ _____ as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

18

### [PROPOSED] STIPULATED PROTECTIVE ORDER

CHI68762674