# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UL LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Gangsong Group Corp., a California corporation; Flying Medical USA LLC, a California company; Logistic Public Warehouse, a California company; Thomas Soon Chiah, an individual; Shenzhen Kebe Technology Co. Ltd., a foreign company; Jing Hua Zhou, an individual; Shenzhen Leidisi Electronics Technology Co., Ltd., a foreign company; TRC International Corp., a California corporation; Sum Fortune International Group, a California corporation; Defang USA, LLC, a California company; Sun Defang, an individual; ManSeeManWant LLC, an Illinois company; James Ellenberg, an individual; and John Does 1-10, individuals,<br><br>　　　　Defendants. | Case No.: 2:17-CV-08166 DSF<br><br>**CONSENT DECREE AND PERMANENT INJUNCTION AS TO DEFENDANTS GANGSONG GROUP CORP., FLYING MEDICAL USA LLC, LOGISTIC PUBLIC WAREHOUSE, AND THOMAS SOON CHIAH** |

Plaintiff UL LLC ("UL"), and Defendants Gangsong Group Corporation a/k/a Logistic Public Warehouse, Flying Medical USA LLC, and Thomas Soon Chiah, (collectively the "Gangsong Defendants), through their respective counsel of record, have agreed to enter into a stipulated Consent Decree and Permanent Injunction in conjunction with their Settlement Agreement.

This order is made with reference to the following facts, which the Gangsong Defendants admit:

1. UL asserts it is the owner of the renowned UL-in-a-circle certification mark, and variations thereof, in the United States and abroad, including UL® (stylized) (Reg. No. 782,589), UL® (stylized) (Reg. No. 2,391,140), UL® (Reg. No. 4,201,014), and UL CERTIFIED ® (stylized) (Reg. No. 4,283,962), among other trademark registrations. UL asserts its UL Marks are valid, famous, incontestable, and enforceable.

2. The Gangsong Defendants leased 1,500 square feet of the Logistic Public Warehouse to Defendant Shenzhen Kebe Technology Co. Ltd. ("Kebe") starting on April 30, 2017. The Gangsong Defendants were informed by Kebe that Kebe was going to store hoverboards at the warehouse. UL asserted in the Action that these hoverboards, many of which were marked with counterfeit labels bearing the UL Certification Mark, were falsely marketed and sold to U.S. consumers as being certified by UL when they were not. The Gangsong Defendants knew that hoverboards needed to comply with safety standards governing self-balancing scooters (aka "hoverboards.") The Gangsong Defendants provided "pick and pack" services concerning certain of the orders of hoverboards for Defendants Kebe and Shenzhen Leidisi Electronics Technology Co., Ltd. As one example, the Gangsong Defendants coordinated shipping/logistical services with respect to various hoverboards to Defendants Ellenberg and ManSeeManWant.

3. On September 18, 2017, the Los Angeles County Sheriff's Department conducted a raid of the Logistic Public Warehouse located at 10001 Pioneer Blvd., Santa Fe Springs, California 90670. The Sheriff's Department seized approximately 2,500 hoverboards, many of which were marked with counterfeit labels bearing UL Certification

1
CONSENT DECREE AND PERMANENT INJUNCTION

Marks and 2,325 counterfeit UL holographic labels bearing the UL Certification Mark.

4. On November 22, 2017, the Court entered a Stipulated Preliminary Injunction as to the Gangsong Defendants. (Dkt. No. 38.) The parties have now entered into a settlement agreement, and as part of that settlement agreement have stipulated to this Consent Decree and Permanent Injunction.

It is hereby **ORDERED**, pursuant to Federal Rule of Civil Procedure 65, that the Gangsong Defendants, and each of them, and their respective officers, agents, servants, employees, and attorneys, and all others in active concert or participation therewith, are hereby enjoined and restrained from:

(i) using any reproduction, counterfeit, copy, or colorable imitation of the UL's Marks, including but not limited to its famous certification mark, in connection with the manufacture, importation, sale, offering for sale, or distribution of goods in the United States, which goods in fact are not certified by UL or are not genuine UL certified products, which such use is likely to cause confusion, or to cause mistake, or to deceive;

(ii) committing any other acts reasonably calculated to cause purchasers to believe that Defendants' products are authorized or certified by UL, when in fact such products are not authorized or certified by UL;

(iii) passing off any goods that are not authorized by UL as being certified, approved, or authorized by UL;

(iv) making, having made, importing, distributing, or offering for sale any hoverboards which are not certified by UL; and

(v) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above paragraphs (i) through (v), inclusive.

Nothing in the Order shall prohibit the Gangsong Defendants, or any of their officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from selling or offering to sell products bearing genuine UL Marks.

1      **IT IS FURTHER ORDERED** that, if Gangsong Defendants continue to sell or distribute any items bearing UL certification marks, UL may perform inspections, during the Gangsong Defendants' business hours, of Gangsong Defendants' entire inventory, and to take possession of any and all goods bearing counterfeit or unauthorized imitations of any of the UL Marks. The inspections may be carried out by UL personnel, or by investigators retained by UL. UL shall have the right to audit all of Gangsong Defendants' purchases of UL certified goods. Gangsong Defendants shall maintain in good order all of their records reflecting purchases of all UL certified goods. Upon an audit being initiated, the Gangsong Defendants shall cooperate with UL by making available for copying and inspection all documents that could reflect suppliers of, purchases of, and/or payments for any UL certified goods. Any documents obtained from Gangsong Defendants for the purposes of copying shall be returned within two (2) business days. Inspections and audits under this paragraph shall be limited to two (2) per year, until the Settlement Payment is paid at which time such rights shall terminate.

     **IT IS FURTHER ORDERED** that the Court will retain jurisdiction of this action for purposes of enforcement of this Consent Decree and Permanent Injunction, and of the parties' settlement agreement, including the payment terms of the parties' settlement agreement.

     IT IS SO ORDERED.

DATED: December 6, 2018

                                                   _____
                                                   Honorable Dale S. Fischer
                                                   UNITED STATES DISTRICT JUDGE