# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UL LLC,<br><br>Plaintiff,<br><br>v.<br><br>Gangsong Group Corp., a California corporation; Flying Medical USA LLC, a California company; Logistic Public Warehouse, a California company; Thomas Soon Chiah, an individual; Shenzhen Kebe Technology Co. Ltd., a foreign company; Jing Hua Zhou, an individual; Shenzhen Leidisi Electronics Technology Co., Ltd., a foreign company; TRC International Corp., a California corporation; Sum Fortune International Group, a California corporation; Defang USA, LLC, a California company; Sun Defang, an individual; ManSeeManWant LLC, an Illinois company; James Ellenberg, an individual; and John Does 1-10, individuals,<br><br>Defendants. | Case No.: 2:17-CV-08166 DSF (Ex)<br><br>[PROPOSED] **CONSENT DECREE AND PERMANENT INJUNCTION AS TO DEFENDANT SUM FORTUNE INTERNATIONAL GROUP** |

Plaintiff UL LLC ("UL"), and Defendant Sum Fortune International Group ("Sum Fortune"), through their respective counsel, have agreed to enter into a stipulated Consent Decree and Permanent Injunction in conjunction with their Settlement Agreement.

This order is made with reference to the following facts, which Sum Fortune admits:

1. UL is the owner of the renowned UL-in-a-circle certification mark, and variations thereof, in the United States and abroad, including UL® (stylized) (Reg. No. 782,589), UL® (stylized) (Reg. No. 2,391,140), UL® (Reg. No. 4,201,014), and UL CERTIFIED ® (stylized) (Reg. No. 4,283,962), among other trademark registrations. The UL Marks are valid, famous, incontestable, and enforceable.

2. Sum Fortune brokered at least four shipments of hoverboard products from defendants TRC International and/or Gangsong Group to James Ellenberg and ManSeeManWant, facilitating the distribution and sale of hoverboard products bearing counterfeit UL marks. Specifically, Sum Fortune arranged the following shipments to Defendants James Ellenberg and ManSeeManWant: 4 palettes of scooters on March 15, 2017; 4 pallets of scooters on April 14, 2017; and 5 pallets of scooters on June 16, 2017. These hoverboards, many of which were marked with counterfeit labels bearing the UL Certification Mark, were falsely marketed and sold to U.S. consumers as being certified by UL when they were not.

3. Multiple palettes shipped by Sum Fortune to James Ellenberg/ManSeeManWant were sent from the Logistic Public Warehouse located at 10001 Pioneer Blvd., Santa Fe Springs, California 90670, where the Los Angeles County Sheriff's Department conducted a raid on September 18, 2017. The Sheriff's Department seized approximately 2,500 hoverboards, many of which were marked with counterfeit labels bearing UL Certification Marks and 2,325 counterfeit UL holographic labels bearing the UL Certification Mark.

4. Sum Fortune failed to appear in the Action or otherwise respond to the Complaint and default was entered against Sum Fortune on December 8, 2017. The parties have now entered into a settlement agreement, and as part of that settlement agreement

have stipulated to this Consent Decree and Permanent Injunction.

It is hereby **ORDERED**, pursuant to Federal Rule of Civil Procedure 65, that Sum Fortune and its respective officers, agents, servants, employees, and attorneys, and all others in active concert or participation therewith, are hereby enjoined and restrained from:

(i) using any reproduction, counterfeit, copy, or colorable imitation of the UL's Marks, including but not limited to its famous certification mark, in connection with the manufacture, importation, sale, offering for sale, or distribution of goods in the United States, which goods in fact are not certified by UL or are not genuine UL certified products, which such use is likely to cause confusion, or to cause mistake, or to deceive;

(ii) committing any other acts reasonably calculated to cause purchasers to believe that Defendants' products are authorized or certified by UL, when in fact such products are not authorized or certified by UL;

(iii) passing off any goods that are not authorized by UL as being certified, approved, or authorized by UL;

(iv) making, having made, importing, distributing, or offering for sale any hoverboards which are not certified by UL; and

(v) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above paragraphs (i) through (v), inclusive.

Nothing in the Order shall prohibit Sum Fortune, or any of its officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from selling or offering to sell products bearing genuine UL Marks.

**IT IS FURTHER ORDERED** that, if Sum Fortune continues to distribute or ship any items bearing UL certification marks, UL may perform inspections, during Sum Fortune's business hours, of Sum Fortune's entire inventory, and to take possession of any and all goods bearing counterfeit or unauthorized imitations of any of the UL Marks. The inspections may be carried out by UL personnel, or by investigators retained by UL, and

UL's personnel and/or investigators may be accompanied by law enforcement personnel. UL shall have the right to audit all of Sum Fortune's distribution of UL certified goods. Sum Fortune shall maintain in good order all of their records reflecting purchases of all UL certified goods. Upon an audit being initiated, Sum Fortune shall cooperate with UL by making available for copying and inspection all documents that could reflect suppliers of, purchases of, and/or payments for any UL certified goods. Any documents obtained from Sum Fortune for the purposes of copying shall be returned within two (2) business days. Inspections and audits under this paragraph shall be limited to two (2) per year, until the Settlement Payment is paid in full at which time such rights shall terminate.

**IT IS FURTHER ORDERED** that the Court will retain jurisdiction of this action for purposes of enforcement of this Consent Decree and Permanent Injunction, and of the parties' settlement agreement, including the payment terms of the parties' settlement agreement.

**IT IS SO ORDERED.**

DATED: March 26, 2019    By: /s/ Dale S. Fischer
                              Hon. Dale S. Fischer
                              United States District Judge