# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UL LLC,<br><br>    Plaintiff,<br><br>v.<br><br>Gangsong Group Corp., a California corporation; Flying Medical USA LLC, a California company; Logistic Public Warehouse, a California company; Thomas Soon Chiah, an individual; Shenzhen Kebe Technology Co. Ltd., a foreign company; Jing Hua Zhou, an individual; Shenzhen Leidisi Electronics Technology Co., Ltd., a foreign company; TRC International Corp., a California corporation; Sum Fortune International Group, a California corporation; Defang USA, LLC, a California company; Sun Defang, an individual; ManSeeManWant LLC, an Illinois company; James Ellenberg, an individual; and John Does 1-10, individuals,<br><br>    Defendants. | Case No.: 2:17-cv-08166 DSF (Ex)<br><br>**JUDGMENT AGAINST DEFENDANTS SHENZHEN KEBE TECHNOLOGY CO. LTD., JING HUA ZHOU, SHENZHEN LEIDISI ELECTRONICS TECHNOLOGY CO. LTD., TRC INTERNATIONAL CORPORATION, SUM FORTUNE INTERNATIONAL GROUP, DEFANG USA, LLC, AND SUN DEFANG** |

JUDGMENT

Having considered Plaintiff UL LLC's ("UL") Application for Entry of Default Judgment Against Defendants Shenzhen Kebe Technology Co. Ltd., Jing Hua Zhou, Shenzhen Leidisi Electronics Technology Co. Ltd., TRC International Corporation, Sum Fortune International Group, Defang USA, LLC, and Sun Defang (collectively, "Defendants"), and the issues having been duly heard, the Court hereby GRANTS the Application. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court has found that there is no just reason to delay entering judgment for Plaintiff and against Defendants, who have defaulted in this action, as all other defendants in this action (a) are subject to a stipulated consent decree and permanent injunction entered by the Court or requested to be entered by the Court, or (b) have had the claims against them severed and transferred to the United States District Court for the Central District of Illinois.

Accordingly, IT IS ORDERED AND ADJUDGED that Judgment is entered in favor of UL and against Defendants as follows:

1. Defendants are jointly and severally liable for and ordered to pay UL the amount of $2,000,000.00—as statutory damages for Defendants' willful, deliberate, and unjustifiable counterfeiting of UL's trademarks—plus attorneys' fees in the amount of $43,600.00, plus costs in the amount of $400.00, for a total of $2,044,000.00.
2. Post-judgment interest shall accrue on the foregoing amounts pursuant to 28 U.S.C. § 1961.
3. Defendants are permanently enjoined, on the terms below.

**Permanent Injunction**:

UL owns the following federally registered marks:

| MARK | REG. NO. | TYPE |
|---|---|---|
| (UL) | 0,782,589 | Certification Mark |

1

JUDGMENT

| MARK | REG. NO. | TYPE |
|---|---|---|
| (UL logo) | 2,391,140 | Certification Mark |
| UL | 4,201,014 | Service Mark |
| (UL CERTIFIED logo) | 4,283,962 | Certification Mark |

Notwithstanding UL's exclusive rights in and to the above referenced UL Certification Marks and the UL Service Mark, Defendants adopted and have been using a mark that is identical to or substantially indistinguishable from UL Certification Marks (the "Counterfeit Mark") to falsely suggest that their goods have been certified by UL. Accordingly, Defendants, and their officers, members, managers, agents, servants, employees, attorneys, confederates, and any persons acting in concert or participation with them, or having knowledge of this order by personal service or otherwise, from:

    i. imitating, copying, or making any other infringing use of the UL Service Mark and the UL Certification Marks by the defendants' Counterfeit Mark, and any other mark now or hereafter confusingly similar to the UL Service Mark or the UL Certification Mark;

    ii. manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any simulation, reproduction, counterfeit, copy, or colorable imitation of the UL Service Mark, the UL Certification Marks, defendants' Counterfeit Mark, or any mark confusingly similar thereto;

    iii. using any false designation of origin or false description or statement that can or is likely to lead the trade or public or individuals

CHI 69800408v1

erroneously to believe that any good has been provided, produced, distributed, offered for distribution, circulation, sold, offered for sale imported, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for UL, when such is not true in fact;

 iv. using the names, logos, or other variations thereof of the UL Service Mark, the UL Certification Marks, or defendants' Counterfeit Mark in any of defendants' trade or corporate names;

 v. engaging in any other activity constituting an infringement of the UL Service Mark, the UL Certification Marks, or of the rights of UL in, or right to use or to exploit the UL Service Marks and the UL Certification Marks; and

 vi. assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (v) above.

IT IS SO ORDERED.

DATED: April 30, 2019

_____
Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE

CHI 69800408v1