JS-6

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UL LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Gangsong Group Corp., et al.,<br><br>　　　　Defendants. | Case No.: 2:17-cv-08166<br>(consolidated with No. 2:18-cv-03077-DSF-E)<br><br>Honorable Dale S. Fischer<br><br>**AMENDED JUDGMENT AGAINST DEFENDANTS SHENZHEN KEBE TECHNOLOGY CO. LTD., JING HUA ZHOU, SHENZHEN LEIDISI ELECTRONICS TECHNOLOGY CO. LTD., TRC INTERNATIONAL CORPORATION, DAFANG USA, LLC, SUN DAFANG, WEN HUI LIAN, AND JTL IMPORT, INC.** |

AMENDED JUDGMENT

On April 30, 2019, the Court granted Plaintiff UL LLC's ("Plaintiff" or "UL") Renewed Application for Entry of Default Judgment Against Defendants Shenzhen Kebe Technology Co. Ltd., Jing Hua Zhou, Shenzhen Leidisi Electronics Technology Co. Ltd., TRC International Corporation, Dafang USA, LLC, and Sun Dafang (collectively, the "Shenzhen Defendants"). On April 30, 2019, the Court entered a Judgment of the same date in favor of UL and against the Shenzhen Defendants (the "Shenzhen Defendants Judgment").

This action was related to the action captioned *UL LLC v. Jia Ling Zhao, et al.*, Central District of California Case No. 2:18-cv-03077-DSF-E (the "Related Action"), in which, on June 10, 2019, the Court heard UL's duly noticed application for default judgment as against two defendants in that case, Wen Hui Lian ("Lian") and JTL Import, Inc. ("JTL"). The Court subsequently ordered this action and the Related Action consolidated, and directed that, in order to enter one default judgment in this consolidated action, the Court would set aside the prior Shenzhen Defendants Judgment and then enter a new, amended judgment against the Shenzhen Defendants, Lian, and JTL (together, "Defendants").

Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court has found that there is no just reason to delay entering judgment for Plaintiff and against Defendants, who have defaulted in this consolidated action, as all other defendants in this consolidated action either (a) are subject to a stipulated consent decree and permanent injunction entered by the Court, (b) have had the claims against them severed and transferred to the United States District Court for the Central District of Illinois, or (c) have been dismissed without prejudice.

Accordingly, IT IS ORDERED AND ADJUDGED that this Amended Judgment is entered in this consolidated action in favor of UL and against Defendants as follows:

1. Defendants are jointly and severally liable for and ordered to pay UL the amount of $2,000,000.00—as statutory damages for Defendants' willful, deliberate, and unjustifiable counterfeiting of UL's trademarks—plus attorneys'

fees in the amount of $43,600.00, plus costs in the amount of $400.00, for a total of $2,044,000.00.
2. Post-judgment interest shall accrue on the foregoing amounts pursuant to 28 U.S.C. § 1961.
3. Defendants are permanently enjoined, on the terms below.

**Permanent Injunction**:

UL owns the following federally registered marks:

| MARK | REG. NO. | TYPE |
|---|---|---|
| (UL logo) | 0,782,589 | Certification Mark |
| (UL logo) | 2,391,140 | Certification Mark |
| UL | 4,201,014 | Service Mark |
| (UL CERTIFIED logo) | 4,283,962 | Certification Mark |

Notwithstanding UL's exclusive rights in and to the above referenced UL Certification Marks and the UL Service Mark, Defendants adopted and have been using a mark that is identical to or substantially indistinguishable from UL Certification Marks (the "Counterfeit Mark") to falsely suggest that their goods have been certified by UL. Accordingly, Defendants, and their officers, members, managers, agents, servants, employees, attorneys, confederates, and any persons acting in concert or participation with them, or having knowledge of this order by personal service or otherwise, from:

    i.    imitating, copying, or making any other infringing use of the UL Service Mark and the UL Certification Marks by the defendants' Counterfeit Mark, and any other mark now or hereafter confusingly similar to the UL

|   |   |   | Service Mark or the UL Certification Mark; |
|---|---|---|---|
|   | ii. | | manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any simulation, reproduction, counterfeit, copy, or colorable imitation of the UL Service Mark, the UL Certification Marks, defendants' Counterfeit Mark, or any mark confusingly similar thereto; |
|   | iii. | | using any false designation of origin or false description or statement that can or is likely to lead the trade or public or individuals erroneously to believe that any good has been provided, produced, distributed, offered for distribution, circulation, sold, offered for sale imported, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for UL, when such is not true in fact; |
|   | iv. | | using the names, logos, or other variations thereof of the UL Service Mark, the UL Certification Marks, or defendants' Counterfeit Mark in any of defendants' trade or corporate names; |
|   | v. | | engaging in any other activity constituting an infringement of the UL Service Mark, the UL Certification Marks, or of the rights of UL in, or right to use or to exploit the UL Service Marks and the UL Certification Marks; and |
|   | vi. | | assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (v) above. |

IT IS SO ORDERED.

DATED: June 26, 2019

*/s/ Dale S. Fischer*
Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE